## MAJOR H. FOLSOM *versus* JAMES PERKINS.

Where there is a battalion of artillery in one of the brigades of a division, commanded by a major, the brigadier general has no power to grant a warrant to a sergeant of one of the artillery companies.

To maintain an action to recover a fine of a private for neglecting to perform militia duty, the clerk must show that he had a legal warrant as sergeant at the time of his appointment as clerk.

The acquiescence of the commander of the battalion, by remaining silent on the subject for a year, will not make valid a sergeant's warrant, which had been illegally issued by another person.

If the clerk be not legally authorized *to commence* the suit, the commanding officer of the company is not authorized by the st. 1837, c. 276, to come in and prosecute the same.

ERROR to reverse a judgment of a justice of the peace in an action of debt brought by Perkins, as clerk of a company of artillery in the first division and second brigade, to recover a fine of Folsom for neglecting to perform militia duty as a private in that company, on the fourth day of May, 1841.

The error mainly relied upon was, that there is no evidence in the record, that Perkins was legally appointed sergeant or clerk of said company, whereas the justice decided that Perkins was sergeant, and was clerk.

The evidence appearing on the exceptions showed, that Perkins, to prove that he was clerk, produced a sergeant's warrant in common form, signed by James Thomas, Brigadier General, second brigade, and first division, dated Aug. 20, 1840, directed to Perkins, as sergeant of the B. company of artillery in said brigade. On the back of this warrant was a certificate signed by the captain of that company, appointing Perkins clerk of the company, dated Sept. 2, 1840; and also a certificate of the oath, of the same date. There were two companies of artillery in the brigade, forming a battalion, commanded by a major.

The defendant objected that the appointment of Perkins as clerk was void, because he was not a sergeant, the brigadier general having no power to appoint, or to grant the warrant. The justice overruled the objection, and adjudged that Folsom should pay a fine.

*McDonald,* for the plaintiff in error, cited the st. 1834, c. 121, in relation to the militia, § 8, 12, 17; and contended that the statute was imperative, that in a case like the present, the sergeants of companies are to be appointed by the captains of the companies, " who shall forthwith make return thereof to the commanding officer of their respective *regiments or battalions,* and they shall grant them warrants accordingly." The brigadier general had no legal authority to act in the matter, and the warrant signed by him was entirely void. No person can legally be clerk, who is not a sergeant. The nineteenth section applies only to commissioned, and not to warrant officers. Perkins failed of showing himself to be clerk of the company, and could not therefore maintain the action. The judgment then should be reversed.

*Caverly,* for the original plaintiff, argued in support of these propositions: —

1. The defendant in error, on the receipt of his warrant signed by the brigadier general, was duly authorized to act as sergeant. The authority of the brigadier general to grant warrants to the non-commissioned officers of volunteer companies raised at large, and not annexed to any particular regiment, is obvious from the general tenor of the statute, as well as from military usage. St. 1834, c. 121, § 4, 19.

2. If the warrant in question was granted by competent authority; the certificate thereon of the original plaintiff's appointment and qualification as clerk by the captain, is sufficient evidence of his appointment to that office. § 8.

3. If the brigadier general had not in the first instance the power to grant the warrant, although he was the superior officer, yet the battalion major, having expressed no dissatisfaction, had by more than a year's silence ratified the act, and had adopted it as his own. *Rollins* v. *Mudget,* 4 Shepl. 339.

4. In case the original plaintiff was not a sergeant at the date of his appointment as clerk, and the appointment therefore void, the captain, who is indirectly a party, has the right by statute to assume and continue the prosecution of this suit to final judgment; and the Court may permit an amendment

for that purpose. St. 1837, c. 276, § 9; st. 1834, c. 121, § 45.

The opinion of the Court was by

SHEPLEY J. — The non-commissioned officers of companies are to be appointed by the captains of their respective companies, who are to make return thereof to the commanding officer of their repective regiments or battalions; who is to grant them warrants. St. 1834, c. 121, § 8. When there are two companies of artillery in a brigade they are to form a battalion, and are entitled to a major. § 17. The clerk must be one of the sergeants. § 12. It has been decided, that the clerk must prove, that he had received a warrant from the proper officer as a sergeant, and had been legally appointed and qualified as clerk to enable him to maintain a suit for a fine. *Burt* v. *Dimmock*, 11 Pick. 355; *Tripp* v. *Garey*, 7 Greenl. 266. In this case the clerk produced a sergeant's warrant granted by the brigadier general, when there were two companies of artillery at that time, forming a battalion, and under the command of a major.

It is contended, that the commander of the brigade might legally grant the warrant by virtue of the nineteenth section, which provides, that companies raised at large shall be subject to the commanding officer of the brigade, in which they are raised, and shall make their elections of officers in the same manner as other companies, but shall make their returns of elections to the commanding officer of the brigade. There is nothing in that section inconsistent with the provisions of the eighth section. The elections referred to in the nineteenth, are those of the commissioned officers of the company and not the appointments of non-commissioned officers, the returns of which are required by the eighth section to be made to the commanding officer of the regiment or battalion. If the warrant were not regularly granted, it is said, that the commander of the battalion has acquiesced in and ratified the act; and a remark made in the case of *Rollins* v. *Mudget*, 16 Maine R. 340, is relied upon as authorizing such a conclusion. It *is*

there said, that "no disapprobation of this appointment on the part of the colonel appears, and the silence after this intelligence may well be deemed a ratification." In that case the warrant had been signed by the colonel in blank and delivered to the captain to be by him delivered to the person, whom he should appoint sergeant. And the ratification was applicable only to the delivery to the person holding it of a warrant issued from the proper officer. The case does not authorize the conclusion, that a person without a warrant, issued by an officer authorized to grant one, could by the acquiescence of his superiors become a legal non-commissioned officer. If the clerk be not legally authorized to maintain the suit, the counsel contends, that the commanding officer of the company is authorized by the act of 28th of May, 1837, c. 276, § 9, to appear and prosecute it. That section applies to cases, where actions have been commenced by a clerk legally appointed, who "shall die, resign, or refuse, or in any other way be disqualified to prosecute said suit," and not to cases, where there was no legal authority to commence them. The defendant in error failed to prove, that he had received a warrant as sergeant from an officer entitled to grant it, and he could not be legally appointed clerk. *Judgment reversed.*